**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

USDC - GREENBELT
'26 AUG 28 AM8:53

| | | |
|---|---|---|
| AMIN MUHAMMAD | ) | |
| Plaintiff, *pro se*, | ) | Civil Action No. 25-cv-2873-LKG |
| v. | ) | Dated: August 27, 2026 |
| DOCTOR UZICANIN, *et al.*, | ) | |
| Defendants. | ) | |

**CORRECTED MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff *pro se* Amin Muhammad, who is incarcerated at the Eastern Correctional Institution, in Westover, Maryland, filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, against Defendants Jeff Sholey, Sara Tirschwell and Ernest Uzicanin, M.D.[1] ECF No. 1. The Defendants each filed a motion to dismiss, or alternatively for summary judgment. ECF No. 15 (Sholey's Motion); ECF No. 26 (Tirschwell's Motion); ECF No. 30 (Uzicanin's Motion). Mr. Muhammad opposes the motions. ECF Nos. 20, 28, 32. Defendant Sholey filed a reply brief. ECF No. 25.[2] Upon review of the motions and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6. (D. Md. 2025). For reasons that follow, Defendants' motions will be granted.[3] ECF No. 15 (Sholey's Motion); ECF No. 26 (Tirschwell's Motion); ECF No. 30 (Uzicanin's Motion).

[1] The Clerk will be directed to amend the docket to reflect Defendants' full and correct name.

[2] A Suggestion of Bankruptcy was filed by Defendants Sholey and Tirschwell indicating that on May 8, 2026, YesCare Corp. petitioned for bankruptcy in the Bankruptcy Court for the United States District Court of the Middle District of Florida. ECF No. 33. However, the Defendants have provided no evidence or argument that the automatic bankruptcy stay which applies to the YesCare Corp. has been extended to the individually named Defendants Sholey and Tirschwell.

[3] Muhammad also filed Motions to Appoint Counsel. ECF Nos. 6, 18 and 29. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where a "pro se litigant has

## II. FACTUAL BACKGROUND

Mr. Muhammad alleges that from July 2, 2025, to July 15, 2025, he was denied medication prescribed to him by Dr. Uzicanin to treat his toenail fungus. ECF No. 1 at 4. During the time he did not receive the prescribed medication, the condition of his toenails and fingernails worsened. *Id.* He asserts that Dr. Uzicanin is liable for his pain and suffering and that Defendants Tirschwell and Sholey are also liable because they are care providers and Dr. Uzicanin "works for them." *Id.* at 5. Mr. Muhammad seeks compensatory damages. *Id.*

Defendant Jeff Sholey, Chief Executive Officer for YesCare, explains that YesCare was the medical contractor responsible for providing medical care on behalf of the Maryland Department of Public Safety and Correctional Services ("DPSCS") until July 31, 2024. ECF No. 15-2, ¶ 2, Sholey Decl. Defendant Sara Tirschwell explains that she was the Chief Executive Officer of YesCare from December 17, 2021, to February 14, 2023. ECF No. 26-2, ¶ 2 Tirschwell Decl. On August 1, 2024, Centurion became the medical care provider for DPSCS. ECF No. 15-2, ¶ 2; ECF No. 26-2, ¶ 2. Defendants Sholey and Tirschwell each aver that they are not medical providers, do not intervene in medical decisions made by medical professionals, and do not supervise medical providers. ECF No. 15-2, ¶ 3; ECF No. 26-2, ¶ 3.

Mr. Muhammad's medical records and the declaration of Dr. Uzicanin demonstrate that he was seen by Dr. Uzicanin on May 26, 2025, during a chronic care visit. ECF No. 30-3 at 98-102. At that time Mr. Muhammad was diagnosed with Onychomycosis/Tinea Unguium, which Dr. Uzicanin describes as unsightly but asymptomatic. *Id.*; ECF No. 30-4, ¶ 4, Uzicanin Decl. The toenail fungus is typically treated with a daily dose of Terbinafine. ECF No. 30-4, ¶4. On June 24, 2025, Mr. Muhammad's bloodwork revealed elevated liver enzymes. ECF No. 30-3 at

---

a colorable claim but lacks the capacity to present it." *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel); *Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) ("[A] district court must conduct a fact specific, two-part inquiry to assess whether a case presents exceptional circumstances before it decides whether to appoint counsel," including "whether the plaintiff has a colorable claim" and, "considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff lacks the capacity to present it." (internal quotations omitted)). Exceptional circumstances include a litigant who "is barely able to read and write," *Whisenant*, 739 F.2d at 162, or clearly "has a colorable claim but lacks the capacity to present it," *Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008) (citing *Waller v. Butkovich*, 584 F. Supp. 909, 947 (M.D.N.C. 1984). Here, Mr. Muhammad's claim fails not because it is inartfully plead, but because it is unsupported by factual allegations that Mr. Muhammad has the capability of presenting. As such, the motions are denied.

9-11. Terbinafine is metabolized through the liver, therefore Mr. Muhammad's prescription for Terbinafine was paused for approximately two weeks so that his liver enzymes could be rechecked to see whether they were improving. ECF No. 30-4, ¶ 5. On July 22, 2025, Mr. Muhammad's Terbinafine was restarted because his liver enzymes had improved. *Id.*; ECF No. 30-3 at 28. Thereafter, Mr. Muhammed received Terbinafine daily from July 22, 2025, through October 4, 2025. ECF No. 30-3 at 22-33.

On August 7, 2025, Mr. Muhammed was seen for a chronic care visit during which his health issues, including the nail fungus, were discussed and his prescription for Terbinafine renewed. *Id.* at 41-46. He was seen again on December 3, 2025, for a chronic care visit where again his health issues and medications were reviewed. *Id.* at 35-8. At that time, his nail fungus was marked as "resolved." *Id.*

## III. ANALYSIS

The Defendants each assert that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, that summary judgment should be granted pursuant to Fed. R. Civ. P. 56. *See generally* ECF Nos. 15, 26, and 30.

### A. Standard Of Review

A motion to dismiss styled in the alternative as a motion for summary judgment implicates the Court's discretion under Fed. R. Civ. P. 12(d). *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where the plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When a movant expressly captions its motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur and the court "does not have an obligation to notify parties of the obvious." *Id.* at 261.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include

"detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555-56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). And though district courts have a duty to construe self-represented pleadings liberally, a plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255) (second alteration in original). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

The Court is mindful, however, that Mr. Muhammad is a self-represented litigant. A federal court must liberally construe pleadings filed by *pro se* litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that a court can "ignore an obvious failure to allege facts

setting forth a plausible claim for relief." *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016) (citing *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)). The Court cannot assume the existence of a genuine issue of material fact where none exists. Fed. R. Civ. P. 56(c).

**B. Personal Participation**

In a suit arising under 42 U.S.C. § 1983, the doctrine of respondeat superior generally does not apply and liability attaches only upon a defendant's personal participation in the constitutional violation. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985); *Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Liability of supervisory officials "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). A private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727-28 (4th Cir. 1999); *Clark v. Md. Dep't of Pub. Safety and Correctional Servs.*, 316 Fed. App'x 279, 282 (4th Cir. 2009).

To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must allege that: (1) the supervisor had actual or constructive knowledge that subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;" (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Mr. Muhammad's bald claim that Defendants Tirschwell and Sholey, former and current executives of YesCare, were responsible for his medical care or for supervising his care providers is unsupported by the record. They each aver that they did not and do not provide medical care or supervise the provision of medical care. ECF No. 15-2, ¶ 3; ECF No. 26-2, ¶ 3. Further, YesCare was not the company responsible for providing medical care to

Mr. Muhammad during the relevant time frame. ECF No. 15-2, ¶ 2; ECF No. 26-2, ¶ 2. Accordingly, Defendants Tirschwell and Sholey are entitled to summary judgment.

**C. The Plaintiff's Eighth Amendment Claims**

Mr. Muhammad raises an Eighth Amendment claim regarding the denial of his anti-fungal prescription for approximately two weeks. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see also Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *accord Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Anderson*, 877 F.3d at 543.

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King*, 825 F.3d at 218; *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto*, 841 F.3d at 228 (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need).

Mr. Muhammad has failed to set forth sufficient evidence to demonstrate that any of the Defendants knowingly failed to provide constitutionally adequate medical care for an objectively serious medical need or that they acted with deliberate indifference to that need. Assuming

without deciding that nail fungus is a serious medical need, the medical records demonstrate that after Mr. Muhammad was diagnosed as suffering from nail fungus, he was prescribed Terbinafine but due to his elevated liver enzymes that treatment was deferred. ECF No. 30-3 at 98; ECF No. 30-4, ¶ 5. Once Mr. Muhammad's liver enzymes reduced, his prescription for Terbinafine was reinstated and his nail fungus was successfully treated. ECF No. 30-3 at 35-38; ECF No. 30-4, ¶ 5. Rather than being indifferent to Mr. Muhammad's medical needs, the record evidence demonstrates that Dr. Uzicanin and his other health care providers acted to safeguard his health, briefly delaying treatment for an asymptomatic condition so that Mr. Muhammad's whole health could be considered and protected. The record further demonstrates that Dr. Uzicanin made sincere efforts to address all of Mr. Muhammad's medical issues and he was not deliberately indifferent to Mr. Muhammad's serious medical needs. And so, he is entitled to summary judgment on Mr. Muhammad's Eighth Amendment claim.[4]

## IV. CONCLUSION

For the foregoing reasons, Defendants' dispositive motions, construed as motions for summary judgment, are granted (ECF Nos. 15, 26 and 30). Mr. Muhammad's motions to appoint counsel are denied (ECF Nos. 6, 18 and 29). A separate Order follows.

August 27, 2026
Date

LYDIA KAY GRIGGSBY
United States District Judge

[4] In light of the Court's findings, the Court does not address the Defendants' additional arguments in support of their motions. Nevertheless, the Court notes that Dr. Uzicanin's argument that the complaint must be dismissed against him because Mr. Muhammad failed to exhaust his administrative remedies (ECF No. 30-2 at 4) is unavailing, as Maryland's inmate grievance system does not apply to medical claims. *Massey v. Galley*, 898 A.2d 951, 958 (2006) (citation omitted) (holding the administrative grievance procedure does not encompass "every kind of civil matter that could be brought by a DOC inmate."); *Abramson v. Correctional Med. Servs., Inc.*, 753 A.2d 501 (2000) (holding the administrative grievance process does not apply to medical claims against private medical service providers who treat inmates under contract with the DOC).